RAILROAD *v.* BREWING CO.

(*Jackson.* May 30, 1896.)

COMMON CARRIER. *Erroneous charge as to delivering carrier's liability.*

An instruction authorizing a recovery against the delivering carrier for injury to hops in transportation, if the injury occurred through the failure of the first or any connecting carrier to furnish suitable cars, without limiting defendant's liability to injury received in such cars on its own line, is reversible error.

Cases cited: Railroad *v.* Weaver, 9 Lea, 38; Railroad *v.* Holloway, 9 Bax., 188; Transportation Co. *v.* Bloch Bros., 86 Tenn., 392; Railroad *v.* Dies, 91 Tenn., 181.

---

FROM SHELBY.

---

Appeal from Second Circuit Court of Shelby County. J. S. GALLOWAY, J.

JOHN P. HOUSTON and McCORRY & BOND for Railroad.

F. ZIMMERMAN and H. F. DIX for Brewing Co.

McALISTER, J. The defendant in error recovered a verdict and judgment in the Second Circuit Court of Shelby County against the Louisville & Nashville Railroad Co. for the sum of $438.30, damages to a carload of hops. The railroad company appealed, and

has assigned errors. The record shows that on November 1, 1889, S. & F. Uhlman shipped from Pratt's Station, Oneida County, N. Y., a carload of hops consigned to the Tennessee Brewing Co., at Memphis, Tenn. A through bill of lading was issued by the New York, Ontario & Western Railroad Co., the receiving carrier, and, after passing through the hands of a series of connecting carriers, the shipment was delivered to the consignee at Memphis by the Louisville & Nashville Railroad Co. The defendant in error proved that when the hops were shipped at Pratt's Station, N. Y., they were sound and sweet, but when delivered at Memphis they were wet and musty. It was a much controverted question of fact upon what line the damage occurred.

As already observed, the present suit is alone against the delivering carrier. It is well settled in this State that although the initial carrier may be responsible for the entire transportation, any subsequent and auxiliary carrier is equally liable for any default occurring upon its line. *Railroad* v. *Weaver*, 9 Lea, 38; *M. & C. R. R. Co.* v. *Holloway*, 9 Bax., 188. And in the latter case it was held that the last of a series of connecting lines over which freight is transported is liable for loss or damage, subject to the limitations contained in the contract of shipment with first line, unless it appears that the loss did not occur on the road sued, and that the burden of proof is upon said road to show that the loss did not occur on its line. *Transportation*

*Co.* v. *Bloch Bros.*, 86 Tenn., 416.   Says Mr. Hutchinson, in his work on Carriers, § 761: "But a connecting carrier who has completed the transportation and delivered the goods to the consignee in a damaged condition, or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he has delivered them.   The condition and quantity of the goods when they were delivered to the first of the connecting carriers being shown, the jury has the right to infer that they continued in that condition down to the time of their delivery to the carrier completing the transportation and making the delivery to the consignee, and that the injury or loss occurred while they were in his possession.   And it has been held that the presumption which applies to the last of a line of connecting carriers, that the goods were delivered to it in the same condition as they were delivered to the first carrier, applies also to any intermediate carrier, and in such cases the receiving carrier will be regarded as the agent of the succeeding connecting carriers for the purpose of accepting the goods for transportation over the connecting lines, and the receipt or bill of lading given by such receiving carrier will be competent evidence in an action against any of the succeeding carriers into whose possession the goods may have come to show the delivery for transportation, the condition of the

goods at the time of such delivery, and the terms
of the shipment.''

The Circuit Judge charged the jury correctly,
''that in this state the last of a connecting line of
carriers is liable for the loss or damage to freight,
if lost or damaged while in transport over said last
connecting line, and the burden of proof is upon
the last connecting line to show that the loss or
damage did not occur through the negligence of the
officers or agents of the said last connecting line of
road.'' It is not controverted that this charge was
in entire accord with our authorities, but it is as-
signed as error that the trial Judge submitted to
the jury the following instructions, to wit: ''If you
find from the evidence that the safe transportation
of hops required rain-proof cars, and if you find
further that the loss occurred to plaintiff through
the failure of the first, or any connecting carrier,
to furnish such cars, then the defendant is liable.''

Again, the following instruction is assigned as
error, for the reason that it embodies the same
objectionable feature, to wit: ''If the proofs satisfy
you as to these two points, the plaintiff has made
out a *prima facie* case, and you should find for it
unless the defendant has proven to your satisfaction
that it was in no way negligent, and that the dam-
age to the hops did not occur on its line or did
not occur through means of a defective car fur-
nished by itself or connecting carriers.''

The proof showed that the hops in question had

been transferred to several cars during the transit, and it was a disputed question where and how the damage occurred. If the injury to the hops occurred before the car reached the territory of the delivering carrier, and in consequence of a defective car furnished by the initial or any intermediate carrier, it is manifest the delivering carrier would not be liable. If, however, the loss occurred on the line of the delivering carrier, in consequence of a defective car furnished by any preceding carrier, the delivering carrier would be liable. *Railroad* v. *Dies*, 91 Tenn., 181 (102 U. S., 452). The Circuit Judge, however, charged the jury, without limitation or qualification, that if the loss to plaintiff occurred through the failure of the first or any connecting carrier to furnish rain-proof cars, the defendant company would be liable. The jury must have inferred from this instruction that it was an indispensable condition of defendant's exoneration from liability that it show not only that the loss did not occur on its line, but that it was not occasioned by a defective car furnished by itself or any connecting carrier, regardless of where the damage actually occurred.

For the error indicated the judgment is reversed and the cause remanded for a new trial.